1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CONNIE J. BATRES,                    )  NO. ED CV 07-1591-E
                                         )
12                    Plaintiff,         )
                                         )
13       v.                              )  **MEMORANDUM OPINION**
                                         )
14  MICHAEL J. ASTRUE, COMMISSIONER      )  **AND ORDER OF REMAND**
    OF SOCIAL SECURITY ADMINISTRATION,   )
15                                       )
                                         )
16                    Defendant.         )
    _____)

17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied and this matter is remanded for further

21  administrative action consistent with this Opinion.

22

23                         **PROCEEDINGS**

24

25       Plaintiff filed a complaint on December 14, 2007, seeking

26  review of the Commissioner's denial of benefits.  The parties filed

27  a consent to proceed before a United States Magistrate Judge on

28  January 11, 2008.

1    Plaintiff filed a motion for summary judgment on July 1, 2008.

2   Defendant filed a cross-motion for summary judgment on July 29, 2008.

3   The Court has taken the motions under submission without oral

4   argument.  See L.R. 7-15; "Order," filed December 17, 2007.

5

6             **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8        Plaintiff asserts disability based primarily on alleged

9   psychiatric problems (Administrative Record ("A.R.") 64, 71, 79-83,

10  127, 149, 153-322).  Plaintiff testified to constant confusion,

11  significant memory problems, and auditory hallucinations (A.R. 318-

12  22).  The record contains potentially corroborative statements from

13  Robert Cruz, a friend of Plaintiff (A.R. 101-09).  Mr. Cruz states

14  that Plaintiff needs to be reminded of appointments and needs to be

15  reminded to take her medication (A.R. 103).  Mr. Cruz also states that

16  Plaintiff talks to herself, can only concentrate for a couple of

17  minutes at a time, and is "very irresponsible" (A.R. 105-07).

18  Mr. Cruz reportedly must pay Plaintiff's bills because Plaintiff

19  cannot even use a checkbook (A.R. 104).

20

21       The Administrative Law Judge ("ALJ") deemed Plaintiff's

22  psychiatric problems severe but not disabling (A.R. 15-19).  The ALJ

23  found "not entirely credible" Plaintiff's testimony concerning her

24  confusion, memory problems, and auditory hallucinations (A.R. 16).  In

25  finding Plaintiff not disabled, the ALJ failed to mention any of the

26  statements of Mr. Cruz (A.R. 12-20).  The Appeals Council denied

27  review (A.R. 9-11).

28  ///

1                          **STANDARD OF REVIEW**

2

3         Under 42 U.S.C. section 405(g), this Court reviews the

4    Commissioner's decision to determine if: (1) the Commissioner's

5    findings are supported by substantial evidence; and (2) the

6    Commissioner used proper legal standards.  See <u>Swanson v. Secretary</u>,

7    763 F.2d 1061, 1064 (9th Cir. 1985).

8

9                            **DISCUSSION**

10

11        In evaluating the credibility of a claimant's assertions of

12   functional limitations, the ALJ must consider lay witnesses' reported

13   observations of the claimant.  See <u>Regennitter v. Commissioner</u>, 166

14   F.3d 1294, 1298 (9th Cir. 1999).  "[T]he ALJ can reject the testimony

15   of lay witnesses only if he [or she] gives reasons germane to each

16   witness whose testimony he [or she] rejects."  <u>Smolen v. Chater</u>, 80

17   F.3d 1273, 1288 (9th Cir. 1996).

18

19        In the present case, the ALJ erred by failing to mention

20   Mr. Cruz's statements.  <u>Id.</u>  Where, as here, an ALJ fails properly to

21   consider competent lay evidence favorable to a claimant, the district

22   court cannot deem the error harmless unless no reasonable ALJ, when

23   fully crediting the lay evidence, could have reached a different

24   disability determination.  See <u>Stout v. Commissioner</u>, 454 F.3d 1050,

25   1056 (9th Cir. 2006).  This Court is unable to conclude that no

26   reasonable ALJ, fully crediting the statements of Mr. Cruz, could have

27   reached a different disability determination regarding Plaintiff.

28   ///

1       In attempted avoidance of this conclusion, Defendant suggests

2  that Mr. Cruz's statements were merely cumulative of testimony from

3  Plaintiff that the ALJ found not credible.  Defendant's suggestion

4  appears to overlook the fact that consideration of Mr. Cruz's

5  potentially corroborative statements might have lead to a different

6  evaluation of Plaintiff's credibility, as well as a different

7  assessment of Plaintiff's residual functional capacity.  A trier of

8  fact is more likely to find corroborated testimony persuasive than

9  uncorroborated testimony.  The Court cannot deem harmless the ALJ's

10  apparent failure to consider Mr. Cruz's statements.  See, e.g.,

11  Johnson v. Astrue, 2008 WL 2705172 *2 (C.D. Cal. July 7, 2008)

12  (failure to mention potentially corroborative lay testimony not

13  harmless because "[c]rediting that testimony might have caused the ALJ

14  to reach a different decision regarding Plaintiff's credibility and,

15  ultimately, Plaintiff's disability"); Chavarria v. Astrue, 2008 WL

16  906650 *21 (D. Ariz. Mar. 31, 2008) ("Consideration of the lay

17  statements may well affect the ALJ's credibility and RFC

18  determinations . . .").

19

20       When a court reverses an administrative determination, "the

21  proper course, except in rare circumstances, is to remand to the

22  agency for additional investigation or explanation."  INS v. Ventura,

23  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

24  proper where, as here, additional administrative proceedings could

25  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

26  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

27  1496, 1497 (9th Cir. 1984).

28  ///

1 | **CONCLUSION**

2

3      For all of the foregoing reasons,[1] Plaintiff's and Defendant's

4 motions for summary judgment are denied and this matter is remanded

5 for further administrative action consistent with this Opinion.

6

7      LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9      DATED:  August 25, 2008.

10

11                _____/S/_____

                          CHARLES F. EICK

12               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27 [1]    The Court has not reached any other issue raised by Plaintiff

28 except insofar as to determine that Plaintiff's suggestion of
reversal rather than remand is unpersuasive.